# THE SOUTH PUBLISHING COMPANY, APPELLANT, *v.* THE FIRE ASSOCIATION OF PHILADELPHIA, RESPONDENT.

*Foreign insurance corporation — service of a summons upon, by its delivery to the superintendent of the insurance department — when service upon a clerk is sufficient.*

The statutes of the State of New York require a foreign fire insurance corporation, desiring to do business in this State, to appoint the superintendent of the State Insurance Department its attorney, and provide that, so far as relates to the service of papers, in an action or proceeding brought against the foreign corporation, such service upon the superintendent shall be equivalent to service upon the corporation.

The superintendent, who had power to appoint clerks and deputies, and to prescribe their duties, appointed a clerk to take charge of the service of papers upon him for foreign corporations.

In the absence of the superintendent service of a summons and complaint, in an action brought by the South Publishing Company against the Fire Association of Philadelphia, a foreign corporation organized under the laws of Pennsylvania, was made upon the clerk, and subsequently the superintendent admitted service of the papers, which service the court, upon motion of the defendant, set aside.

Upon an appeal by the plaintiff from the order setting aside the service:

*Held*, that the statute, being remedial and designed to permit our courts to obtain jurisdiction of foreign corporations doing business in this State, should be liberally construed.

That the superintendent had power to appoint a clerk to take charge of the matter of such service; and where service upon the clerk was authenticated by the written admission of the superintendent, it was valid and binding upon the foreign corporation.

APPEAL by the plaintiff, the South Publishing Company, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 25th day of October, 1892, granting the defendant's motion to set aside the service of the summons in this action.

*W. H. Arnoux*, for the appellant.

*H. Cardozo*, for the respondent.

FOLLETT, J. :

The defendant is a fire insurance corporation, organized under the laws of the State of Pennsylvania. Section 1 of chapter 346 of the Laws of 1884 of this State provides :

" No fire, fire marine, life or casualty insurance company or association, organized or incorporated under the laws of any other State of the United States, or of any foreign government, shall directly or indirectly issue policies, take risks or transact business in this State, until it has complied with the insurance laws, and having first appointed in writing, the superintendent of the insurance department of this State to be the true and lawful attorney of such company in and for this State, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company or association existed in this State. A certificate of such appointment, duly certified and authenticated, shall be filed in the office of the superintendent of the insurance

department, and copies certified by him shall be deemed sufficient evidence in regard thereto. Service upon such attorney shall thereafter be deemed a service upon the company or association."

The defendant was authorized to transact business in this State, and on July 7, 1884, duly appointed "the superintendent of the insurance department of said State, or his successor in office, its true and lawful attorney in and for the State of New York, on whom all process of law, whether mesne. or final, against said fire association, may be served in any action or special proceeding against said association in the State of New York, subject to and in accordance with all the provisions of the statutes of said State of New York now in force. * * * And the said attorney is hereby duly authorized and empowered, as the agent of said association, to receive and accept service of process in all cases as provided for by the laws of the State of New York, and such service shall be deemed valid personal service upon such association."

It is evident from the language of the statute that the legislature intended that the superintendent, as a public officer and not as an individual, should be the one designated on whom process should be served. Such was the defendant's construction of the act as appears from its power of attorney, and the learned counsel for both parties agree that this is the interpretation which should be given to the statute.

August 18, 1892, the summons and complaint in this action were served upon the defendant by the sheriff of the county of Albany, by delivery to and leaving copies with a clerk in the office of the superintendent, at Albany, the superintendent then being absent. On the same day a registered letter covering the summons and complaint was mailed to the defendant. The superintendent signed a written admission of service, which, on the 13th of September, 1892, he duly acknowledged and delivered to the plaintiff. The clerk, with whom the summons and complaint were left, was specially designated by the superintendent to receive the service of processes and forward them to the defendants for whom intended.

The motion to set aside this service is upon the sole ground that it was not made personally upon the superintendent. Necessity requires and the statutes authorize many of the duties of the various departments of the government of this State to be performed by

deputies and clerks specially assigned by the heads of departments for such purposes. By statute the superintendent of insurance is authorized to appoint deputies, employ clerks and prescribe the duties to be performed by them; and under this general power he had authority to designate a clerk with whom processes intended for him might be left at the department. In case a summons so served is subsequently brought to the attention of the superintendent, and he admits service, it is binding on defendants. The design of the statute was to afford a certain and easy method by which the courts of this State may acquire jurisdiction of foreign corporations who, as a favor, are permitted to carry on their business within this State, and it should be liberally construed so as to advance the remedy which was intended to be provided for those having occasion to bring actions against such corporations.

In this case the defendant authorized the superintendent to receive and accept service of process in all cases, as provided for in the laws of the State, and the superintendent having power under those laws to appoint deputies and clerks and prescribe their duties, we think the service in this case, authenticated as it was by the written admission of the superintendent, duly acknowledged, was valid.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J. and O'BRIEN, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.