67  119
138a 265
67   119
21ap287

## THOMAS FARMER, RESPONDENT, *v.* THE NATIONAL LIFE ASSOCIATION (OF HARTFORD, CONNECTICUT) APPELLANT.

*Foreign insurance company — service of process against, by mail, on the State superintendent of insurance — 1884, chap. 346, sec. 1.*

Where the superintendent of the insurance department of the State of New York has been appointed attorney to receive service of process in actions against a foreign insurance company, as provided by section 1 of chapter 346 of the Laws of 1884, his written admission of service of a summons in such an action, sent to him by mail, constitutes a sufficient service on the company.

APPEAL by the defendant, the National Life Association, of Hartford, Connecticut, from an order of the Kings County Special Term, entered in the office of the clerk of Kings county on the 3d day of November, 1892, denying a motion of the defendant to set aside " the service of a paper purporting to be a summons herein."

It appeared by the moving papers that the defendant is a foreign life insurance company, organized under the laws of the State of Connecticut, and having its principal office at Hartford, in that State, which, however, did business in the State of New York, and had given the superintendent of the insurance department of this State a power of attorney, as required by section 1 of chapter 346 of the Laws of 1884. Sections 1 and 2 of that act are as follows :

Sec. 1. No fire, fire-marine, life or casualty insurance company or association organized or incorporated under the laws of any other State of the United States, or of any foreign government, shall, directly or indirectly issue policies, take risks or transact business in this State until it has complied with the insurance laws, and having first appointed, in writing, the superintendent of the insurance department of the State to be the true and lawful attorney of such company in and for this State, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company or association existed in the State. * * * Service upon such attorney shall thereafter be deemed a service upon the company or association.

Sec. 2. Whenever lawful process against an insurance company or association shall be served upon the superintendent of the insurance department under the provisions of this act, he shall forthwith forward a copy of the process served on him by mail, prepaid, and directed to the secretary of the company or association, or, in the case of foreign companies or associations, to the resident manager or last-appointed general agent in this country. For each copy of process the superintendent shall collect the sum of two dollars, which shall be paid by the plaintiff at the time of such service, the same to be recovered by him as part of the taxable disbursements if he succeeds in the suit."

It appeared that the original summons, together with a copy thereof, was mailed by the plaintiff's attorneys to the superintendent of the insurance department of the State of New York, at Albany,

accompanied with a request that he would admit service. The papers were received by the superintendent, who thereupon mailed the copy of the summons to the defendant company at Hartford, as required by section 2 of said act of 1884, and sent the plaintiff's attorney the following in writing :

### INSURANCE DEPARTMENT.

ALBANY, *December* 3, 1891.

Messrs. JUDGE & DURACK, 373 *Fulton St., Brooklyn, N. Y. :*

SIR.— I admit the service of process on me as attorney for the National Life Association of Hartford, Connecticut, made by you in behalf of Thomas Farmer of ———— pursuant to chapter 346, Laws of 1884. I have sent to said company, by registered mail, to-day, copy of the papers served on me. Fee $2, receipt of which is hereby acknowledged.

Your obedient servant,

JAMES F. PIERCE,
*Superintendent*

The motion to set aside the service of the summons was based principally upon the ground " that said paper purporting to be a summons was attempted to be served by mail, and was not served personally upon any agent or attorney of the defendant, or personally upon the Superintendent of the Insurance Department of the State of New York."

*Roger Foster,* for the appellant.

*James P. Judge,* for the respondent.

DYKMAN, J. :

This is an appeal from an order denying a motion to set aside the service of the summons in this action.

The summons was sent to the superintendent of the insurance department at Albany, and he gave an admission of due service of the same in pursuance of a power of attorney which had been executed to him for that purpose under the provisions of the statute requiring the same.

HUN—VOL. LXVII    16

Our conclusion is that the service was valid and sufficient, and the order should be affirmed, with ten dollars costs and disbursements.

Barnard, P. J., and Pratt, J., concurred.

Order denying motion to set aside service of summons affirmed, with costs.