Argued February 4, reversed and remanded March 9, rehearing denied April 6, 1920.

# HOLLAND–WASHINGTON MORTGAGE CO. *v.* COUNTY COURT OF HOOD RIVER COUNTY.

### (188 Pac. 199.)

**Certiorari—Where Writ of Review was Quashed for Lack of Jurisdiction, Merits cannot be Considered on Appeal.**

1.   Where the only ruling made by the court below on a petition for writ of review was to quash and dismiss the writ on the ground of lack of jurisdiction to hear it, the merits of the case cannot be considered on appeal.

**Certiorari—Court has Discretion to Enlarge Time for Service of Copy of Writ.**

2.   On petition for a writ of review to be directed to the County Court the circuit judge has authority to extend the time beyond the original return day in which return might be made and service of copy of writ be had upon respondent under Section 609, L. O. L., in view of Section 604, authorizing the Circuit Court or judge thereof to order the writ, Section 608, providing that the writ may be returnable either in term time or in vacation, Section 958, empowering the judge to exercise out of court the powers especially conferred on a judge as contradistinguished from the court, Section 983, giving a court or judicial officer all necessary means to carry into effect jurisdiction conferred, and Section 103, providing that the court may in its discretion allow an act to be done after the time limited by the Code.

**Courts—Property of Nonresidents is Subject to Jurisdiction of Court Relative to Establishment of Roads Advantageous to Owner.**

3.   The landed estates of nonresidents being subject to the police power of the state both for favorable and unfavorable action, such property is subject to the jurisdiction of the state courts relative to the establishment of a road of public easement for the benefit thereof.

**Certiorari—Service may be by Delivery of Copy of Writ to Nonresident Personally.**

4.   It is competent for the legislature to provide that service of a writ of review shall be by delivering to a nonresident personally a copy of the writ.

**Private Roads—Neither County Court nor Members Thereof Proper Parties to Writ of Review Directed to County Court.**

5.   In a petition for a writ of review to be directed to the County Court relative to the establishment of a road of public easement for the benefit of privately owned land, neither the County Court as a judicial tribunal nor the individuals who as officers compose such court were proper parties.

Certiorari—Order for Writ Need not Prescribe Manner of Service "According to the Direction Thereof."

6. An order for the issuance of a writ of review need not prescribe the manner in which it is to be served nor need the order recite the statute, because serving the writ "according to the direction thereof" as indicated by Section 609, L. O. L., means to serve the writ upon the parties to whom the process is directed.

Certiorari—Petition Need not be Filed Before Order for Issuance.

7. A petition for a writ of review need not be filed before an order for the issuance of the writ is made.

Private Roads—County is Made Defendant by Operation of Law in Petition for Writ of Review Relative to Establishment of Private Road.

8. A petition for a writ of review to be directed to County Court in a proceeding relative to the establishment of a road of public easement for the benefit of adjoining lands need not expressly make the county a party, since the county is a defendant by operation of law, being responsible for acts occurring upon road under Section 6375, L. O. L.

Certiorari—Writ of Review may be Served upon County by Delivery to Clerk.

9. A writ of review may be served upon the county by delivering the writ to the county clerk; the service being analogous to that of a summons under Section 55, L. O. L.

Certiorari—County Clerk may Admit Service of Writ of Review for County.

10. A county clerk upon whom a writ of review is served as a process against the county may admit service thereof in his official character which is binding upon the county.

From Hood River: FRED W. WILSON, Judge.

Department 1.

On August 31, 1918, the plaintiff presented a petition for a writ of review to the judge of the Circuit Court for Hood River County and obtained from him an order directing the writ to issue to the County Court of that county and Humphrey Barton, defendants, and to Kent Shoemaker, county clerk of Hood River County, in substance commanding a return of the writ into the Circuit Court on November 15, 1918, together with a certified copy of the proceedings of the County Court relating to the establishment of what is familiarly known as a road of public easement for the bene-

fit of the land of Barton. On the return day, November 15, 1918, the judge made an additional order in these words:

"Now, on this day, upon application of the plaintiff, it is ordered that the time for returning the writ of review in the above-entitled cause and the time for service thereof upon the defendant Humphrey Barton be, and the same is hereby, extended and continued until the 14th day of December, 1918."

On October 25, 1918, the writ was returned with certified copies of all the proceedings of the County Court attached thereto, having indorsed on the writ also the following admissions:

"State of Oregon, County of Hood River,—ss.

"I, Kent Shoemaker, clerk of Hood River County, State of Oregon, and Clerk of the County Court of the State of Oregon, for Hood River County, hereby acknowledge service of the within and foregoing Writ of Review upon me at Hood River, in Hood River County, Oregon, this 4th day of September, 1918.

"(Seal)                         KENT SHOEMAKER, Clerk.
                   "By E. E. SHOEMAKER, Dep.

"State of Oregon, County of Hood River,—ss.

"I hereby acknowledge service of the within and foregoing writ upon Hood River County by delivery to me of a copy of said Writ as Clerk of said County at Hood River, in Hood River County, Oregon, on the 4th day of September, 1918.

"(Seal)                              KENT SHOEMAKER,
                    "Clerk Hood River County, Oregon.
                        "By E. E. SHOEMAKER, Dep."

On November 15th and as the abstract states, after the judge had made the order of that date extending the time for service of the writ upon Barton, the latter by his attorney, stating that he appeared specially for the purpose of the motion only, moved the court "for

an order dismissing the plaintiff's petition herein, the writ of review, return thereof, and all of the proceedings in this court," upon the following grounds:

"That the court has no jurisdiction of this defendant nor any jurisdiction to review any order, decision, proceeding, or thing, for the reason that the defendant has not been served by the delivery to him of a certified copy, or any copy, of the Writ of Review, nor has there been and for the reason that there has not been any service of any kind upon the defendant.

"That the members of the County Court of Hood River County, Oregon, were not and are not parties to this proceeding, and they or any of them have not been served with a certified or any copy, of said writ or at all, and this Court has no jurisdiction of the said County Court, or any of the members thereof.

"That it was not and is not directed in or by said order herein made and dated on August 31, 1918, allowing said writ of review, nor in or by said writ of review, or otherwise, how, when, where, or to whom the original writ should be delivered, or served, or served by delivery, nor does the record reveal, and it is not true, that said writ was ever 'served by delivering the original, according to the direction thereof,' and this Court has acquired no jurisdiction to review said matters.

"This Court had no jurisdiction to make the Order herein dated August 31, 1918, allowing a writ of review and directing that such should issue out of this Court, for the reason that there was no petition on file in this Court at the time for such order; that plaintiff made no attempt to file any petition herein until September 3, 1918; that no petition of any kind was filed herein by plaintiff prior to September 3, 1918.

"The petition of plaintiff for a writ of review does not state facts sufficient to show that plaintiff is entitled to a writ of review or to any relief from this Court, and this Court has no jurisdiction to review any order, decision, proceeding or thing."

On December 3, 1918, there was filed in the Circuit Court an affidavit which, after giving the title of the court and cause, reads thus:

"State of Minnesota, County of Ramsey,—ss.

"I, Peter Wagener, being first duly sworn, depose and say: That I am a citizen of the United States, and of the State of Minnesota, and am over twenty-one years of age, and am not interested directly or indirectly in the above entitled cause. That on the 25th day of November, 1918, at St. Paul, in the State of Minnesota, I served upon Humphrey Barton, one of the defendants above named, a copy of the Writ of Review in the above-entitled cause, and an order of the Court of November 15th, 1918, both certified by Kent Shoemaker, County Clerk of the County of Hood River, State of Oregon by then and there delivering to said Humphrey Barton personally and in person the said copies of said Writ of Review and Order of the Court above mentioned, duplicates of which are attached to this return and made a part thereof.

"Peter Wagener."

This affidavit was subscribed and sworn to before a notary public for Minnesota, November 25, 1918. The motion to quash the writ, etc., was heard February 20, 1919, and sustained, whereupon the court ordered:

"That the writ of review and the return made thereon in this proceeding and all of the proceedings in this court upon said writ of review be and the same are hereby, quashed and dismissed for lack of juris-diction to hear the same in this court."

The petitioner for the writ appealed.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. R. W. Montague* and *Mr. W. H. Wilson*, with an oral argument by *Mr. Montague*.

For respondents there was a brief submitted over the name of *Mr. Ernest C. Smith.*

BURNETT, J.—1. On the authority of *Holmes* v. *Cole,* 51 Or. 483 (94 Pac. 964), the only question for us to consider is the ruling of the court quashing and dismissing the writ; and we cannot consider the merits of the objections to the transactions in the County Court.

Respecting the writ of review it is required that—

"The writ shall be served by delivering the original, according to the direction thereof, and may be served by any officer or person authorized to serve a summons; and a certified copy of the writ shall be served by delivery to the opposite party in the suit or proceeding sought to be reviewed, at least ten days before the return of the original writ": L. O. L., § 609.

At the outset it is contended by the defendant Barton in argument upon his special appearance that the court had no right to extend the time beyond the original return day in which the return might be made and service of a copy of the writ be had upon him. The writ itself may be ordered by the Circuit Court or judge thereof (L. O. L., § 604); and it may be returnable either in term time or in vacation (L. O. L., § 608), in which latter case the matter is triable and judgment is given therein by the judge in like manner and with like effect as in term time.   It thus appears that the judge has equal authority over the matter with the court itself.   It is said in Section 958, L. O. L., that a "judge may exercise, out of court, all the powers expressly conferred upon a judge as contradistinguished from a court, and not otherwise," and we find in Section 983, L. O. L.:

"When jurisdiction is, by the organic law of this state, or by this Code or any other statute, conferred

95 Or.—43

on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by the Code, any suitable process or mode of proceeding may be adopted which may appear most comformable to the spirit of this Code."

For the "spirit" of the matter, so-called, we refer to Section 103, L. O. L., which provides that:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this Code, or by an order enlarge such time. * * *"

2. Construing all these sections *in pari materia,* we are of the opinion that the order enlarging the time within which to make service of a copy of the writ upon the defendant Barton was a legitimate exercise of judicial authority.

As shown by the affidavit of Peter Wagener, the copy of the writ of review and a copy of the order extending the time within which the same might be served were in fact delivered to the defendant Barton in person and personally at St. Paul, Minnesota, on November 25, 1918, which was more than ten days prior to the time as extended, within which to make return. It is true that we find in Section 527, L. O. L., this language:

"No natural person is subject to the jurisdiction of a court of this state, unless he appear in the court, or be found within the state, or be a resident thereof, or have property therein; and in the last case only to the extent of such property at the time the jurisdiction attached."

It is likewise a rule of law that a special appearance is not within the meaning of the clause "unless he appear in the court." The object of the special appearance is to challenge the jurisdiction of the court *in*

*limine* over the person who thus appears.   The essence
of the whole procedure in the County Court was to pro-
cure a road for the benefit of the real property of the
defendant Barton situate in Hood River County.   In
limiting the jurisdiction of a court relating to property
of a nonresident which is situated within this state
"only to the extent of such property," it was not the
intention of the law utterly to exempt from judicial
authority of the state all realty owned by nonresidents.
Neither does it mean only that the land of nonresidents
shall be sold for the satisfaction of their debts, although
that is a most common exercise of the judicial function
respecting such property.

3, 4. The landed estates of nonresidents are subject
to the police power of the state both for favorable and
unfavorable action.   In the instant proceeding the
property of the nonresident Barton, if he be such,
was subject to the jurisdiction of the court for the
purpose of obtaining an advantage for his realty; and
to that extent the property is within the authority of
the judiciary.   The nonresident cannot invoke the jur-
isdiction of the courts for the benefit of his realty and
contend that the proceeding he invites cannot be re-
viewed.   In the exercise of the police power the state
has provided several means by which local realty of
nonresidents can be affected.   The power of taxation
is the one most generally exercised, and that, too,
without question.   Again, we find that county roads
may be laid out over the property of a nonresident,
in which proceeding the only notice given is by post-
ing up copies in three public places in the vicinity of the
road and at the courthouse door.   These are instances
where the legislative authority has prescribed the
means of giving notice of the proposed proceeding and
affording to the land owner an opportunity to be heard.

In the instant proceeding it is required that the copy of the writ shall be served upon him by personal delivery. In our judgment, it was competent for the legislature to provide this method of service, and it is available as a means of acquiring jurisdiction over the defendant Barton to the extent of his land in this state. At the time of the hearing of his motion by special appearance, therefore, the court had before it in the affidavit of Wagener proof that the copy of the writ had been served upon Barton by personal delivery. In the wisdom of the legislature this has been declared to be sufficient to obtain jurisdiction over him to the extent of his property here. It disposes of the defects suggested by the first clause of his motion to the effect that no service had been made upon him. The Circuit Court should have disregarded that contention in the light of the situation presented on the record at the hearing of the motion.

5. Neither the County Court as a judicial tribunal nor the individuals who as officers compose such a court are proper parties to the writ of review: *Farrow* v. *Nevin,* 44 Or. 496 (75 Pac. 711); nor is it requisite that the copy should be served upon either the county judge or the commissioners. Moreover, it is a general rule that all papers directly affecting a court are properly delivered to the clerk of the court. Consequently the second ground of the motion was not well taken.

6, 7. Giving attention to the third specification of the motion, it is not contemplated by the statute that the order for the issuance of the writ should prescribe the manner in which the same is to be served. That is established by law, and it is not requisite that the order of the court should recite the statute. Serving the writ ''according to the direction thereof,'' as indicated by Section 609, L. O. L., means to serve it

upon the parties to whom the process is directed. It is not required that the petition should be filed before the order is made, for the writ may be allowed by the court or judge thereof, and it is competent to apply directly to the judge for the writ and afterwards file with the clerk of the court the petition accompanied by the order for the writ.

8. Although not directly specified in the motion, it is argued under the general objection embodied in the fifth clause, that the petition does not state facts sufficient to show that the plaintiff is entitled to a writ, in that the county of Hood River is not made a party to the proceeding. It is true that in the title to the cause as it appears in the abstract, the county is not expressly named as a defendant; nor is it named as a defendant in the proceeding in the County Court to establish the road in question. The county is a defendant by operation of law, arising from the proceedings initiated by an individual to establish a road. Among others, one reason for holding the county to be a party is that it is responsible for any accident occurring upon such a road, happening to a traveler thereon who is himself without fault: Section 6375, L. O. L. The situation is analogous to that in which the statute makes the state a party defendant to every divorce case: Section 1020, L. O. L., as amended by Chapter 86, Laws 1911. Yet we never hear of the state's being named in the title of any divorce case, or of any allegation in the body of the complaint in anywise relating to the state. It has never been the practice to name the county as a party in proceedings in the County Court relating to the laying out of a public road. The proceeding to review the action of the County Court in such matters does not involve any new or different parties. All that is required to obtain the writ is a

petition aptly describing the proceeding to be reviewed and a proper bond, together with a specification of the errors assigned. The statement of the facts appearing in the description of the proceeding of the County Court as embodied in the petition for the writ gives rise to the legal conclusion that the county is a party to the proceeding in the Circuit Court. It is not necessary to support by averment what the law has already established.

9. The writ is directed to the court the decision of which is sought to be reviewed, or to the clerk or other officer having custody of its proceedings, and requires it or him to return said writ to the Circuit Court, within a time therein specified, with a certified copy of the record or proceedings: Section 607, L. O. L. The service of the writ is analogous to the service of a summons, and it is provided in Section 55, L. O. L., that if the action be against any county, the summons shall be delivered to the clerk of such county. Hence, in this case by analogy it is proper as a service upon the county to deliver the writ to the county clerk. As we have seen, the county clerk acknowledged service of the writ upon him at Hood River, in Hood River County, September 4, 1918, both in his capacity as clerk of the County Court, the tribunal of which the proceedings are sought to be reviewed, and as clerk of the defendant county.

In his brief in this court, however, the defendant Barton argues that the clerk had no authority in either capacity to admit service of the process so as to bind the county. In *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.,* 149 Mass. 24 (20 N. E. 318), the defendant was a Maine corporation doing business in the State of Massachusetts. The statute of the latter state required such corporations, before doing business

within its confines, to appoint the commissioner of corporations its true and lawful attorney upon whom all lawful process in any action or proceeding against it might be served.  In a suit in equity, as we read in the report of the case, "service was accepted for the defendant by its attorney 'to the same extent that the plaintiff would have obtained service by leaving a copy of this writ with the commissioner of corporations, he having been duly authorized to receive service in accordance with the statute therein provided.' "   The court held this to be a sufficient proof of service to enable the trial court to render a personal judgment against the defendant company.

10. In *South Publishing Co.* v. *Fire Association of Philadelphia,* 67 Hun, 41 (21 N. Y. Supp. 675), the defendant was a Pennsylvania fire insurance corporation.   The laws of New York then in force were substantially like those of Massachusetts mentioned above, except that the superintendent of the insurance department was the officer upon whom process was required to be served.   In that case the superintendent signed a written admission of service which he duly acknowledged and delivered to the plaintiff.   The court upheld this service and proof thereof as giving jurisdiction over the cause.   A like ruling was made in *Farmer* v. *National Life Assn.,* 67 Hun, 119 (21 N. Y. Supp. 1056).   In *Atlantic & Gulf R. R. Co.* v. *Jacksonville etc. R. R. Co.,* 51 Ga. 458, it was held that the agent of a foreign corporation may acknowledge service of a declaration in an attachment, so as to authorize a general judgment against his principal.   Within the reasoning of these cases we conclude that it was competent for the county clerk, as the officer upon whom service of process against the county should be made, to admit in his official character that such service

had been made, and that this would be binding upon the county so as to give the court jurisdiction over it in the determination of the merits of the writ of review. He is the officer upon whom service must be made as against the county. No good reason exists why his official admission of the fact that the writ was served upon him should not have equal weight with the official statement of the sheriff that he had served the same. The petition for the writ gives a full description of the proceeding of the County Court of which review is desired and specifies the errors relied upon with convenient certainty, so that it is not amenable to the objection that it does not state facts sufficient to authorize the issuance of the writ.

We are of the opinion that when the motion of the defendant Barton was heard, the Circuit Court had before it sufficient data to establish its jurisdiction over the whole subject matter of the proceeding and of his person, at least to the extent of his real property here involved, and that it was erroneous to quash and dismiss the writ. The judgment of the Circuit Court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.   REHEARING DENIED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.