Submitted on record and briefs October 1, affirmed
November 27, 1968

CREDIT BUREAUS ADJUSTMENT DE-
PARTMENT, INC., *Appellant, v.*
ALLEN ET UX, *Respondents.*

447 P. 2d 300

Gale K. Powell, Bend, for appellant.

Lyman C. Johnson and McKay, Panner, Johnson & Marceau, Bend, for respondents.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff, a debt collecting corporation, commenced action against defendants on three causes of action for claims assigned to it by the original creditors. The third cause of action, questioned in this appeal, was allegedly for personal services. In an amended complaint filed after answer, the third cause of action was restated the same as to parties, dates, and amounts claimed due, but it was now allegedly for the sale and delivery of 10 cows. No claim for personal services was included. The six-year statute of limitations (ORS 12.080(1)) had expired between the two filings.

Defendants' demurrer was sustained. It claimed the bar of the statute of limitations. An appeal was taken, but there was no appealable order and the case was sent back. *Credit Bureaus Adjustment Department, Inc. v. Allen et ux,* 250 Or 242, 441 P2d 640 (1968). When plaintiff refused to plead over on the other causes of action, on motion the case was dismissed.

■ In this appeal, plaintiff asserts there was no change in the amended third cause of action that could prevent it from relating back to the date of the filing of the first complaint, and relies on *East Side Mill Co. v. SE Portland Co.,* 155 Or 367, 64 P2d 625 (1937); *Ross v. Robinson,* 174 Or 25, 147 P2d 204 (1944); and

*Richardson v. Investment Co.,* 124 Or 569, 264 P2d 458 (1928).

In *Ross,* supra, this court said at page 30:

"It is a general rule that 'an amendment of a pleading will take effect by relation and thus relieve against the bar of an intervening limitation if the identity of the cause of action is still substantially the same, but that the limitation will prevail if under the guise of an amendment there is the substitution of a new cause of action in place of another wholly different.' United States v. Memphis Cotton Oil Co., (1933) 288 U.S. 62, 77 L. Ed. 619, 53 S. Ct. 278, quoted in Ibach v. Jackson, 148 Or. 92, 101, 35 P. (2d) 672."

■ In *Richardson,* where plaintiff failed to recover under allegations of express contract and filed an amended complaint setting up the same cause in *quantum meruit,* it was allowed to relate back. *East Side Mill Co.* followed *Richardson.* But, in each case the action involved the same subject matter. In one it was for constructing a particular sidewalk and the other was for particular labor performed. In the instant case one allegation is for personal services, the other for cows sold and delivered—radically different subjects.

Plaintiff protests that on trial his evidence would be the same under either allegation. The difficulty with this argument is that had he produced evidence about selling and delivering cows under the personal services allegation it would have been irrelevant, objectionable, and proof of nothing alleged.

Patently, the causes of action alleged are different. The judgment of the trial court is affirmed.

Affirmed.