Argued December 19, 1973, reversed and remanded January 21, reconsideration denied February 27, petition for review allowed April 16, 1974

MEURY ET UX, *Appellants, v.* JARRELL ET AL (No. 33-180), *Respondents.*

517 P2d 1221

*Darrell E. Bewley,* Portland, argued the cause for appellants. With him on the briefs was J. B. Smith, Aloha.

*Edward J. Sullivan,* County Counsel, Hillsboro, argued the cause for respondents Washington County Planning Commission: Dan Shattuck; Albert Bullier; William Curtis; Elwyn Kinney; David Eischen; Dale Busch; Harold Meyer; Jack Annand; and Bob McDougald; and Board of County Commissioners, Washington County, Oregon: Burton C. Wilson, Jr.; Eldon Hout; Lyell Gardner; John C. Anicker; and William M. Masters. With him on the brief was James W. Young, Forest Grove, for respondent Hoyt Jarrell.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Plaintiffs appeal from an order dismissing their writ of review proceeding. The order followed defendants' successful attack by motion to quash upon an amended petition for a writ. The ground for quashing was that the amended petition was filed beyond the 60-day limitation of ORS 34.030, which in pertinent part provides:

"* * * A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

The sequence of events which led to the appealed order was: On August 8, 1972 the Washington County Planning Commission pursuant to § 1900 of the Washington County Zoning Ordinance made an order granting a conditional use permit for a private airstrip on property owned by defendant Jarrell. On October 6 plaintiffs, adjoining property owners, filed a petition for writ of review of the August 8 action and on the same day the circuit judge signed an order allowing the same. The writ was issued on October 20 and a return was shortly made by the secretary of the Washington County Planning Commission. On February 7, 1973 the defendant commissions filed a motion to quash the writ. The motion was heard and on April 23 it was granted on the ground of insufficiency of the petition, in that the plaintiffs failed therein to allege their status as parties to the proceeding and that they had a substantial right which was injured. ORS 34.040. No order dismissing the proceeding followed this order.

On May 1 an amended petition for writ of review was filed in the same case. We hold that the defects

which existed in the first petition were cured in the amended petition and that it was a valid petition upon which to issue a writ if it were timely filed. On May 10 the circuit judge, acting upon the amended petition, made an order directing the issuance of an amended writ of review and the same was issued that day. On May 17 the motion to quash the amended writ was filed, alleging that the amended petition was not filed within the 60 days required by ORS 34.030. Arguments were heard, after which the court allowed the motion and made an order quashing the amended writ. Plaintiffs filed a notice of appeal. Apparently thereafter, it was discovered that the order on the motion to quash was not a final order from which an appeal could be taken and on June 4 a new order and judgment of dismissal was filed with the court from which this appeal was taken.

The trial court ruled that the amended petition was not timely filed, relying upon *School Dist. No. 68 v. Hoskins et al.*, 194 Or 301, 240 P2d 949 (1952). The trial court held that since the original petition was defective it never obtained jurisdiction within the 60-day period required by ORS 34.030. The plaintiffs contend that the filing of the amended petition should relate back to the date of the filing of the original petition and that the court had continuing jurisdiction from that date.

■ The motions to quash the writs were the proper method of attacking them. *School Dist. No. 68 v. Hoskins et al.*, supra; *Bechtold et al. v. Wilson et al.*, 182 Or 360, 186 P2d 525, 187 P2d 675 (1947). The same cases hold that, in determining the propriety of issuing a writ of review, recourse must be had to the petition and the petition must state every fact which, if correct, is necessary to effect the remedy sought.

■ *Hoskins* holds that failure to state in the petition facts sufficient to authorize issuance of the writ is jurisdictional. However, we think it is not inconsistent with *Hoskins* to hold that an amended petition which states sufficient facts can be filed after the 60-day period has elapsed so long as the original filing occurs within the statutory 60-day limit and the proceeding has not been dismissed. The rule calling for liberal interpretation of pleadings (ORS 16.120) has been applied by the Oregon Supreme Court to ORS 34.010 et seq. prescribing the remedy of writ of review, even though it is a special proceeding. In *Holland-Washington Co. v. County Court,* 95 Or 668, 188 P 199 (1920), the court considered whether a trial judge could extend the statutory limit of time in which a copy of the writ must be served upon the opposite party. ORS 34.080. We think this service is necessary to jurisdiction just as is the commencement of the proceeding within the 60-day limitation.① With reference to its consideration of whether the court could extend the 10-day service time limitation, the court said:

> "On the authority of *Holmes v. Cole,* 51 Or. 483 (94 Pac. 964) [1908], the only question for us to consider is the ruling of the court quashing and dismissing the writ * * *.

---

① An analogy may be drawn between the time limitations in writ of review proceedings and in appellate proceedings. Acting within limits of time set by statute for appeals is necessary to confer jurisdiction on appellate courts. So also is fulfilling the statutory requirements of serving the notice on the other party and filing proof thereof. These rules were noted in Cooke v. Traver, 181 Or 643, 184 P2d 866 (1947). In that case the court said that if no proof of service is noted on the notice of appeal, jurisdiction is not conferred. But:

> "This case is to be distinguished from those in which a defective proof * * * was filed * * * and the court permitted an amendment to make the proof conform to the fact. [Citing cases.] But in this case no proof * * * at all was indorsed * * * there is nothing to amend * * *." 181 Or at 645.

"Respecting the writ of review it is required that—

" 'The writ shall be served by * * * delivery to the *opposite party* * * * at least ten days before the return of the original writ': L. O. L., § 609 [now ORS 34.080].

"* * * [I]t is contended * * * that the court had no right to extend the time beyond the original return day * * * we find in Section 983, L. O. L. [now ORS 1.160]:

" 'When jurisdiction is, by the organic law of this state, or by this Code or any other statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by the Code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code.'

"For the 'spirit' of the matter, so-called, we refer to Section 103, L. O. L. [now ORS 16.050], which provides that:

" 'The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this Code, or by an order enlarge such time. * * *'

"Construing all these sections *in pari materia,* we are of the opinion that the order enlarging the time within which to make service of a copy of the writ upon the defendant Barton was a legitimate exercise of judicial authority." 95 Or at 673-74.

This holding apparently has not been modified or reversed. The court for good reason by its action can extend the 10-day period for serving of the writ. This being so, in a viable writ of review case based on the same reasoning, we think a court for good reason may allow an amended valid petition to be filed.

In the case at bar the court did not dismiss the proceeding when it sustained the first motion to quash. The proceeding remained extant and viable. A few days later the court specifically, pursuant to the amended valid petition, ordered the issuance of an amended writ of review. This constituted an "other act to be done after the time limited * * *." It is well-settled in the jurisprudence of Oregon that amended pleadings can, as a general rule, be filed, and that they can relate back to the date of original filing of the first pleading in a cause in order to bring the action within a limitation of time if the cause pleaded is still substantially the same. See discussion in *Credit Bureaus v. Allen,* 251 Or 616, 447 P2d 300 (1968). We think the analogy with statute of limitation situations is of interest here, although limitations of time for commencement of special statutory remedies not existing at common law are not the same as statutes of limitation upon bringing suits or actions as ordinary common law remedies. In the latter case the right to enforce the remedy is all that is barred. *See Bagley v. Beaverton School District,* 12 Or App 377, 380-81, 507 P2d 39 (1973). It is also interesting to note that the writ of review is the same as the common law remedy of writ of certiorari. ORS 34.010; *Bechtold et al. v. Wilson et al.,* supra.

Defendants urge upon us our decision in *Bagley v. Beaverton School District,* supra, where we held that an election contest proceeding, being a special proceeding provided by statute that can be commenced only within 10 days of the challenged election, must be commenced in that time. We held in that case that the 10-day time limit cannot be deemed waived or extended by the acts of a party. We said the legislature gave a dissatisfied taxpayer "no more time than that to begin

the exercise * * *" of the remedy. That decision is not inconsistent with our conclusion here.

■ As noted in the quotation from *Holland-Washington Co. v. County Court,* supra, the only question for us to consider here is the ruling of the court in quashing the writ and dismissing the proceeding. It was error for the court to hold its action, based on the amended petition, was void. The writ must be returned to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.