Argued September 15, affirmed October 13, 1975

NORTHWEST ENVIRONMENTAL DEFENSE CENTER et al, *Appellants, v.* THE CITY COUNCIL FOR THE CITY OF PORTLAND et al (No. 396-765), *Respondents.*

540 P2d 1032

*David H. Wilson, Jr.,* Portland, argued the cause and filed the brief for appellants.

*John W. Osburn,* City Attorney, Portland, argued the cause and filed the brief for respondents.

Before FOLEY, Presiding Judge, and FORT and THORNTON, Judges.

THORNTON, J.

This is a writ of review proceeding in which

petitioners seek review of a zoning decision of the respondent Portland City Council. The Council approved under certain conditions an application for a zoning permit by Portland General Electric Company to build a headquarters complex in downtown Portland. The case comes before this court for a second time. *See, N.W. Env. Def. Center v. City Council,* 20 Or App 234, 531 P2d 284, Sup Ct *review denied* (1975).

The sequence of events leading to the first appeal is set forth in this court's previous opinion. We held that the failure of petitioners to serve a copy of the writ upon Portland General Electric deprived the circuit court of jurisdiction. We also ruled that the circuit court had discretionary authority to extend the time for the return on the amended writ which was filed by petitioners following the trial court's order allowing respondents' motion to quash the original writ. Thirdly, this court reversed the order of the circuit court quashing the amended writ of review. We remanded the proceeding to the circuit court to permit that court to determine if, in its discretion, the time for returning the amended writ should be extended.

The Supreme Court denied review of this court's decision on April 15, 1975.

After the circuit court entered an order spreading this court's mandate, petitioners moved for an order requiring respondents to return the amended writ of review with a certified copy of the record of the administrative proceedings below. After a hearing on that motion the circuit court entered an order denying an extension of time for the return and petitioners' motion for an order requiring the return, and dismissed the proceedings.

Petitioners appeal the court's order contending

that the court erred by failing to comply with the remand instructions.

As stated above, when the case was before this court previously we held that the circuit court had discretionary authority to extend the time for the return on the amended writ. The record indicates that following our decision the trial court held a hearing on petitioners' motion for an order requiring respondents to return the amended writ with a certified copy of the administrative proceedings below, thus complying with this court's mandate, and concluded that an extension of time for a return on the amended writ was unwarranted.

The circuit court's order was a discretionary ruling. ORS 16.050.[①] *Holland-Washington Co. v. County Court,* 95 Or 668, 188 P 199 (1920). Petitioners do not allege that the trial court abused its discretion. In the absence of an allegation and a showing of manifest abuse we cannot say on the basis of the record that the court abused its judicial discretion by denying petitioners' motion after a hearing. *Chapman v. Multnomah County,* 63 Or 180, 126 P 996 (1912). *Cf., Brown v. Becker,* 135 Or 353, 295 P 1113 (1931).

Affirmed.

---

[①] ORS 16.050 provides:

"The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by the procedural statutes, or by an order enlarge such time."