Argued May 5, affirmed May 26, 1914.

## WILLIAMS v. HENRY, County Judge.

(142 Pac. 337.)

**Certiorari—Writ of Review—Service.**

1. Under Section 603, L. O. L., providing that any party to any proceeding before an inferior tribunal may have the decision thereof reviewed and Section 609, requiring the writ of review to be served by delivering the original according to the direction thereof and a certified copy of the writ to be served by delivery to the opposite party at least ten days before the return of the original writ, a writ of review sued out by remonstrators in a proceeding before a district boundary board should be served on the petitioners who initiated the proceeding.

[As to persons entitled to prosecute writ of *certiorari*, see notes in 103 Am. St. Rep. 110; Ann. Cas. 1914C, 126.]

**Certiorari—Writ of Review—Service.**

2. Under Section 609, L. O. L., providing for service of writ of review upon the opposite party in a suit or proceeding to be reviewed, a writ of review in proceedings before a district boundary board must be served not only on the county school superintendent, as secretary of the boundary board, but on each member of the board, though Section 55, L. O. L., relating to service of summons, provides that, if a proceeding be against a county or other public corporation, a copy of the summons shall be delivered to the clerk of the county or public corporation.

[As to when the writ of *certiorari* issues and what is reviewable upon it, see notes in 12 Am. Dec. 531; 40 Am. St. Rep. 29.]

From Union: JOHN W. KNOWLES, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

A writ of review was sued out by Sherwood Williams, Clay W. Fox and A. F. Wilson, to review a proceeding before J. C. Henry, County Judge, J. F. Hutchinson, C. A. Galloway and A. E. Ivanhoe, County School Superintendent, as and comprising the District Boundary Board of Union County, Oregon. The facts are as follows:

Sixteen legal voters of a proposed new school district in Union County petitioned the district boundary board of that county to divide school district No. 11

so as to create out of a part thereof a new district No. 78. The plaintiffs, and many others, legal voters of the original district, remonstrated against the proposed division. The board, however, after long consideration of the subject, granted the prayer of the petition and divided the district. The plaintiffs here sued out a writ of review and served the same only on the county school superintendent as secretary of the boundary board. No service was made upon the petitioners for the division. The Circuit Court dismissed the writ, and the plaintiffs appeal.        AFFIRMED.

For appellants there was a brief over the name of *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Robert S. Eakin.*

For respondents there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. Charles H. Finn,* with an oral argument by *Mr. George T. Cochran.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The following sections of our Code govern this matter:

"Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors therein, as in this chapter prescribed, and not otherwise * * ": Section 603, L. O. L.

"Upon the filing of the order allowing the writ, and the petition and undertaking of the plaintiff, the clerk shall issue the writ, according to the direction of the order. The writ shall be served by delivering the original, according to the direction thereof, and may be served by any officer or person authorized to serve a summons, and a certified copy of the writ shall be

served by delivery to the opposite party in the suit or proceeding sought to be reviewed, at least ten days before the return of the original writ'': Section 609, L. O. L.

By proper service of the writ alone can the court acquire jurisdiction to proceed in the matter to be reviewed. If the remonstrators were parties entitled to sue out the writ, the persons who initiated the proceedings by filing the petition, for the division of the district, under Section 4021, L. O. L. were certainly opposite parties upon whom the writ should be served as required by Section 609.

2. If the members of the boundary board were proper parties as constituents of tribunal ordering the division, service upon the secretary would not be sufficient to gain jurisdiction of the board. Although the statute prescribes that the writ shall be served by any officer or person authorized to serve a summons, the manner of its service is prescribed by the statute itself, and that does not show that it shall be served as a summons. True enough, it is said in Section 55, L. O. L.:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows: * * If against any county, incorporated town, school district, or other public corporation in this state, to the clerk of such county, incorporated town, school district, or other public corporation. * * "

Yet the boundary board is not a corporation, and, in the absence of a statutory rule authorizing service upon that body to be accomplished by delivery of a document to its clerk, the court could not gain jurisdiction of the members of the board otherwise than by service upon each of them.

For the reason that the Circuit Court did not acquire jurisdiction by proper service of the writ, the judgment dismissing the same is affirmed.      AFFIRMED.