Argued June 5, affirmed September 6, 1974

MEURY ET UX, *Respondents, v.* JARRELL ET AL, *Petitioners.*

525 P2d 1286

*Edward J. Sullivan,* Washington County Counsel, Hillsboro, argued the cause for all petitioners and filed a brief for petitioners Washington County Planning Commission and Board of County Commissioners. With him on the brief was James W. Young, Forest Grove, for petitioner Hoyt Jarrell.

*Darrell E. Bewley,* Portland, argued the cause for respondents. With him on the briefs were Francis F. Yunker, Portland, and J. B. Smith, of McCaffrey, Smith & Furrer, Aloha.

HOWELL, J.

The sole question presented in this case is whether a petition for a writ of review may be amended after the statutory 60-day period for filing the petition has expired.[1]

On August 8, 1972, the Washington County Planning Commission granted a conditional use permit for the construction of a private airstrip. Within 60 days plaintiffs filed a petition in the circuit court for Washington County for a writ of review of the action of the Planning Commission. A motion to quash the writ was allowed because the plaintiffs had failed to allege their status as parties to the original proceeding and that they had a substantial right which had been injured by the action of the Planning Commission.[2] No

[1] ORS 34.030 provides, in part: "* * * A writ shall not be allowed unless the petition therefore is made within 60 days from the date of the decision or determination sought to be reviewed."

[2] ORS 34.020 provides, in part: "Any party to any process or proceeding before or by an inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. * * *"

order dismissing the proceeding was entered at this time. An amended petition was filed and the defects cured. An amended writ was issued. The defendants moved to quash the amended writ on the ground the amended petition was not filed within the 60 days required by ORS 34.030. The motion to quash was allowed and the proceedings were dismissed. The plaintiffs appealed to the Court of Appeals which reversed, holding that an amended petition could properly be filed although such filing occurred after the 60-day period required by the statute.

We granted review primarily because the question of whether an amended petition for a writ of review may be filed after the 60-day period has elapsed and after the original writ has been quashed has not previously been decided in this state and because a writ of review is the method generally used in reviewing zoning decisions by local governing bodies.

The Court of Appeals held that a proper amended petition may be filed "after the 60-day period has elapsed so long as the original filing occurs within the statutory 60-day limit and the proceeding has not been dismissed."

The trial court found, and the defendants urge in this appeal, that the trial court had no jurisdiction to allow the filing of the amended petition after the 60-day period.

---

ORS 34.040 states: "The writ shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously or arbitrarily, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ." (ORS 34.040 was amended by Oregon Laws 1973, ch 561).

Both the trial court and the defendants rely on the case of *School Dist. No. 68 v. Hoskins et al.,* 194 Or 301, 240 P2d 949 (1952). There, a school district filed a petition for a writ of review seeking review of the action of a school district boundary board in changing the district's boundaries. The petition, because it contained conclusions instead of facts, failed to properly allege that the board exceeded its jurisdiction or exercised its functions erroneously. The petition was held to be defective. The opinion states:

"* * * If the petition fails to state facts sufficient to authorize the issuance of the writ, such defect is jurisdictional; and even though a return to the writ is filed and the matter is contested on its merits, the jurisdictional question remains. * * *" 194 Or at 315.

In making the above statement the court relied on a prior decision of this court by Mr. Justice Lusk in *Bechtold et al v. Wilson et al,* 182 Or 360, 186 P2d 525, 187 P2d 675 (1947). In that case the petition for a writ of review was from a justice of the peace court in an action of forcible entry and detainer. The defendants in the justice court filed an answer to the complaint in the f.e.d. action and the plaintiffs filed a demurrer to the defendants' answer. The justice of the peace sustained the demurrer, and a judgment was entered against the defendants. Thereafter, the defendants petitioned for and received a writ of review of the action of the justice of the peace in the circuit court. The petition alleged that the justice of the peace erred in sustaining the demurrer. The circuit court affirmed the action of the justice of the peace and discharged the writ.

On the appeal we held that a writ of review could not be used as a substitute for an appeal; the remedy

was by an appeal of the decision of the justice of the peace. The opinion states:

"We conclude that the petition for writ of review, which alleged only error of law in overruling the demurrer to the answer, did not state facts sufficient to authorize the issuance of the writ. Instead of moving to quash the writ, which would have been the proper way to question the sufficiency of the petition \* \* \* the respondents appear to have contested the matter on its merits. The defect, however, was jurisdictional, and the parties could not, by their conduct, confer jurisdiction on the Circuit Court. \* \* \*" (Citation omitted) 182 Or at 380.

■ It seems clear from the opinion that the court was stating that the jurisdiction of a writ of review does not include matters entirely outside the statutory grounds for bringing a writ of review. If the proper method was by an appeal, the same as the review of any alleged error of law of a lower court, then such review cannot be accomplished by a writ of review. The parties cannot substitute a writ of review for an appeal. It was in this context that the court was talking about "jurisdiction" of the court.

■ Because the petition for the writ in *School District v. Hoskins,* supra, alleged conclusions instead of facts, this did not mean that the circuit court did not have "jurisdiction" to issue the writ and decide the matters raised by the writ in that case. To the extent that *School District v. Hoskins* held that a circuit court does not acquire "jurisdiction" to act on a writ of review in an otherwise proper situation merely because the writ contains conclusions of law, it is expressly overruled.

Moreover, neither *School District v. Hoskins,* supra, nor *Bechtold v. Wilson,* supra, were involved

with the question of whether an amended petition for a writ of review may be filed after the 60-day period has elapsed.

■ Neither party has cited any cases from other jurisdictions relating to the question.[3] In *State v. Board of Com'rs of Flathead County,* 120 Mont 413, 187 P2d 1013, 1016 (1947), the Montana Supreme Court held that when a motion to quash a writ of certiorari is sustained, it is within the discretion of the trial court to allow an amendment or to enter a judgment forthwith.[4]

■ We believe it is in the best interest of justice for the trial court, upon sustaining a motion to quash, to allow the petitioner to file an amended petition.

If the rule were otherwise, the defendants in the petition for the writ of review could wait until the 60-day period had expired and move to quash the writ. If the petition were defective for any reason—such as stating what is later determined to be conclusions and not statements of facts, as in *School District v. Hoskins,* supra—it would have been too late for the petitioner to file an amended petition and he would be denied his review.

The trial court in a writ of review proceeding should, upon sustaining a motion to quash the writ, at the same time allow the petitioner a reasonable length

---

[3] Some authorities have held that a writ may be amended at any time before a judgment sustaining a motion to quash if the amendments relate to mere formal defects. Ferris, Extraordinary Legal Remedies 205, § 178 (1926); 2 Spelling, Injunction and Other Extra-Ordinary Remedies 1732-1733, § 2004 (1901).

[4] The writ of review is substantially the same as the common law writ of certiorari. School Dist. No. 68 v. Hoskins et al., 194 Or 301, 240 P2d 949 (1952); 14 CJS 129, Certiorari § 8.

of time commensurate with the expeditious administration of the proceeding, to file an amended petition. Failing to do so within the time allowed by the court, the writ of review proceeding should be dismissed.

Affirmed.