Argued December 18, 1974, affirmed in part; reversed in part and
remanded with directions February 4, reconsideration denied
March 12, petition for review denied April 15, 1975

## NORTHWEST ENVIRONMENTAL DEFENSE CENTER ET AL, *Appellants, v.* THE CITY COUNCIL FOR THE CITY OF PORTLAND ET AL, *Respondents.*

531 P2d 284

*Robert M. Greening, Jr.,* Portland, argued the cause for appellants. With him on the brief were Kennedy & King, Portland.

*Donald C. Jeffery,* Senior Deputy City Attorney, Portland, argued the cause and filed the brief for respondents.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This appeal involves a dispute as to the procedure to be followed in a writ of review proceeding.

Petitioners appeal from two orders of the Multnomah County Circuit Court quashing its writ of review proceeding, contending that the trial court erred:

(1) In dismissing the original petition for failure to serve Portland General Electric Company (PGE) with a copy of the writ;

(2) In ruling that the court had no authority to extend the time for return of the writ and for service upon PGE after respondents' motion to quash had been made; and

(3) In quashing petitioners' amended writ.

The essential facts are:

On September 5, 1973, the Portland City Council approved an application for a zoning permit by PGE to build a headquarters complex in downtown Portland, subject to certain conditions. In granting this application the Council overturned a decision of the city planning commission, which had refused to approve the application.

On November 5, 1973, petitioners filed a petition for writ of review alleging that the Council violated certain procedural and substantive requirements in reaching its decision. A writ was issued on the same day with return required on or before November 16, 1973. On November 6, 1973, petitioners served respondents with duplicate originals of the petition, order and writ, and served the city auditor with the original writ of review. The abstract includes an affidavit by petitioners' counsel from which it can reasonably be inferred that an attorney for PGE somehow acquired a copy of the writ on or before November 8, 1973.

Respondents filed a motion to quash the writ on November 15, 1973, arguing that PGE as an "opposite party" had not been served at least 10 days prior to the return of the original writ pursuant to ORS 34.080. Arguments on the motion to quash were heard

before the circuit court on December 13, 1973. On December 14, 1973, PGE was served with certified copies of the petition, order and writ of review.

On February 19, 1974, the circuit court ordered the writ of review quashed. On the same date petitioners filed an amended petition for a writ of review. The circuit court issued the amended writ, and on February 20, 1974, the named respondents were served with duplicate originals of the amended petition, order and writ, the city auditor was served with the original writ, and PGE was served with certified copies of the amended petition, order and writ. On March 11, 1974, respondents filed a motion to quash the amended writ of review on the ground that the amended petition and writ of review had not been timely filed and served. Arguments on the motion to quash the amended writ were heard April 1, 1974, and on May 31, 1974, the circuit court ordered the amended writ quashed and the proceedings dismissed.

In their first assignment of error petitioners contend that the provisions of ORS 34.080 were complied with and that the failure to serve PGE prior to respondents' motion to quash did not deprive the circuit court of jurisdiction in the matter.

ORS 34.080 provides:

"Upon the filing of the order allowing the writ, and the petition and undertaking of the plaintiff, the clerk shall issue the writ, as ordered. The writ shall be served by delivering the original, according to the direction thereof, and may be served by any person authorized to serve a summons. A certified copy of the writ shall be served by delivery to the opposite party in the suit or proceeding

sought to be reviewed, at least 10 days before the return of the original writ."

■ PGE is the "opposite party" in this instance. *Williams v. Henry,* 70 Or 466, 142 P 337 (1914).① It is the party which sought approval from the Council for its building proposal, and it is that proposal which petitioners objected to before the Council. The language of the statute is clear and we are required to give the natural and ordinary meaning to that language. *Wimer v. Miller,* 235 Or 25, 383 P2d 1005 (1963). ORS 34.080 requires that the opposite party is to be served with a certified copy of the original writ at least 10 days prior to the return of the writ. The writ was scheduled to be returned on November 16, 1973. In order to be in compliance with the statute PGE must have been served by delivery on the same day that respondents and the city auditor were served. Petitioners argue that PGE had actual notice of the writ, but the statute clearly requires the notice to be by delivery of a certified copy of the writ. Petitioners did not comply with ORS 34.080 and we must decide the effect of such noncompliance.

---

① In Williams v. Henry, 70 Or 466, 142 P 337 (1914), the court dealt with the issue of defining an "opposite party." In that case certain voters of a school district petitioned the district boundary board for a division of the district. Another group of voters, the parties who ultimately sought a writ of review, opposed such division before the board. The board approved the division and the remonstrators petitioned for a writ of review, but made no service upon the petitioners who sought division of the district. The court said:

"* * * If the remonstrators were parties entitled to sue out the writ, the persons who initiated the proceedings by filing the petition, for the division of the district, under Section 4021, L.O.L. were certainly opposite parties upon whom the writ should be served as required by Section 609." 70 Or at 468.

For a discussion of writ of review proceedings in Oregon, *see,* Sullivan, *Land Use in Oregon,* 10 Will L J 375-384 (1974).

■ Contrary to petitioners' contentions, failure to serve the "opposite party" is indeed a jurisdictional defect. *Maizels v. Kozer,* 129 Or 100, 276 P 277 (1929); *Williams v. Henry,* supra. The circuit court correctly sustained the motion to quash the writ.

In their second assignment of error petitioners contend that the circuit court erred in ruling that it had no authority to extend the time for return of the writ and for service upon PGE after the motion to quash had been made.

In support of this contention petitioners rely on ORS 16.050 and *Holland-Washington Co. v. County Court,* 95 Or 668, 188 P 199 (1920).

ORS 16.050 provides:

"The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by the procedural statutes, or by an order enlarge such time."

In *Holland-Washington Co.* our Supreme Court held that ORS 16.050 applies to writ of review proceedings and enables a circuit court to extend the time for return of the writ, and, therefore, extend the time for service of a copy of the writ.

The circuit court acknowledged that in the ordinary situation it had discretionary authority, based on ORS 16.050 and *Holland-Washington Co.,* to extend the time of return of the writ before it, but that it was without authority to do so after a motion to quash had been made.

Our review of the pertinent statutes and case law indicates that the circuit court erred in this ruling.

■ A writ of review is a unique proceeding designed to review the decision of an inferior court, officer or tribunal alleged to have exceeded its jurisdiction by exercising its "judicial functions illegally and contrary to the course of procedure applicable to the matter before it." *Oregon R. Co. v. Umatilla County,* 47 Or 198, 206, 81 P 352 (1905), or by making an order not supported by substantial evidence, or by improperly construing the applicable law. ORS 34.040.

■■ Because of its unique nature the procedural requirements for a writ of review are somewhat different than actions at law or suits in equity. It is not essential that any motion or formal plea be filed by a party in order to defend on a writ since the only required pleading of a respondent is the return of the writ. *Fay v. Portland,* 99 Or 490, 195 P 828 (1921); *Roethler v. Cummings,* 84 Or 442, 165 P 355 (1917). We also note that the proper manner to attack a writ of review is by a motion to quash. *Bechtold et al. v. Wilson et al.,* 182 Or 360, 186 P2d 525, 187 P2d 675 (1947); *Meury v. Jarrell,* 16 Or App 239, 517 P2d 1221, *aff'd* 269 Or 606, 525 P2d 1286 (1974).

■ This court and our Supreme Court have recently given a liberal interpretation to certain procedural time requirements involving writs of review. *Meury v. Jarrell,* supra. We feel that this approach to writ of review procedural requirements will insure that the interests of justice are served. In light of the unique pleading requirements of a writ of review we hold that a motion to quash will not deprive a court of its discretionary power to extend time for a return of the writ.

The above conclusion does not mean that we find that the circuit court abused its discretion by not grant-

ing an extension of time. What we are saying is that the circuit court, contrary to its own opinion, does possess the discretionary power, after a motion to quash is made, to extend the time for return of the writ. By remanding we are allowing the circuit court to determine whether a time extension is proper in this situation.

As their final assignment of error petitioners contend that the circuit court erred in quashing their amended writ of review on the theory that the filing of the amended petition for a writ of review did not relate back to the filing of the original petition for purposes of the 60-day statutory limitation.

■ Petitioners correctly assert that *Meury v. Jarrell,* supra, is dispositive of this question. As we noted above, a writ of review is a unique proceeding. In *Meury* we found that a failure to state sufficient facts in the petition to authorize an issuance of a writ is a jurisdictional defect. The case at bar also deals with a jurisdictional defect in that the "opposite party" was not properly served. We find that the same principle articulated in *Meury* is applicable in this case. We held in *Meury* that even in light of such a jurisdictional defect, an amended petition may be filed after the 60-day period so long as (1) the proceeding has not been dismissed and (2) the petition has been properly amended.[2]

---

[2] In affirming Meury v. Jarrell, 16 Or App 239, 517 P2d 1221, *aff'd* 269 Or 606, 525 P2d 1286 (1974), the Supreme Court articulated a broad rule to be followed when a motion to quash a writ of review is sustained.

"The trial court in a writ of review proceeding should, upon sustaining a motion to quash the writ, at the same time allow the petitioner a reasonable length of time commensurate with the expeditious administration of the pro-

The present case comes within the rationale of *Meury,* since there was no dismissal nor was there an improper amendment. We hold that the circuit court erred in granting the motion to quash the amended writ.

Affirmed in part; reversed in part and remanded for further proceedings not inconsistent with this opinion.

LANGTRY, J., concurring.

I agree that *Williams v. Henry,* 70 Or 466, 142 P 337 (1914), dictates the result in this case. By doing so, technicality prevails over substance.

In *Williams,* where 16 persons petitioned for a school district boundary change and it was granted, some remonstrators against the change pursued the remedy of writ of review. They served only the secretary of the district boundary board as the "opposite party" under the requirement of what is now ORS 34.080. That statute reads the same now as it did in 1914.

The Supreme Court held that the trial court gained no jurisdiction without proper service. The clear implication of the holding is that such "proper service" would be service upon each of the 16 petitioners and each member of the district boundary board.

Land-use cases were virtually unknown when *Williams* was decided. When land-use decisions are tested in court, writ of review presently is most often the proceeding employed. In land-use hearings there often

ceeding, to file an amended petition. Failing to do so within the time allowed by the court, the writ of review proceeding should be dismissed." 269 Or at 611-12.

may be dozens of petitioners and remonstrators advancing various points of view, varieties of which may be adopted. Under *Williams,* they all, or nearly all, are "opposite parties." Although all of them may have had actual knowledge of the writ proceeding, the court could not have had jurisdiction unless all of them were proved to have been served.

The possibility of technical error in the morass of writ of review procedure becomes so great that counsel would be well advised to seek a more flexible (and often broader) remedy—e.g., a declaratory proceeding.

On the narrow question of attaining court jurisdiction through service of process, recent liberal interpretations of procedural statutes like that in *Meury v. Jarrell,* 16 Or App 239, 517 P2d 1221, *aff'd* 269 Or 606, 525 P2d 1286 (1974); and *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), point an improved direction. However, given a definitive decision like *Williams,* old as it is, this court is bound by it.