Argued July 24, judgment vacated; appeal dismissed September 10, reconsideration denied October 15, petition for review denied November 25, 1975

SHANKS ET AL, *Appellants, v.* WASHINGTON COUNTY ET AL (No. 34-193), *Respondents.*

539 P2d 1111

*Richard D. Roberts,* Portland, argued the cause for appellants. On the briefs were Rankin, Walsh, Ragen & Roberts, Portland.

*Gregory S. Hathaway,* Assistant County Counsel, Hillsboro, argued the cause for respondents. With him on the brief were Lawrence R. Derr, County Counsel, and John M. Junkin, Assistant County Counsel, Hillsboro.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

SCHWAB, C. J.

By this writ of review proceeding, plaintiffs seek to challenge two decisions of the defendant county: (1) the rezoning of certain property owned by Herbert A. Stark; and (2) the granting of a conditional use permit to Mr. Stark. We are unable to reach the merits because of a jurisdictional defect, the fact that Mr. Stark was never served with any notice of this proceeding.

The county's conditional-use decision was "quasi-judicial" under *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), and ORS 34.040 for purposes of review by way of writ of review proceedings. The county's rezoning decision may well have been legislative, rather than quasi-judicial, precluding review by way of a writ of review. *See, Culver v. Dagg,* 20 Or App 647, 532 P2d 1127, Sup Ct *review denied* (1975). But for present purposes we can assume that the rezoning decision was also quasi-judicial.

ORS 34.080 requires:

"* * * A certified copy of the writ shall be served by delivery to the opposite party in the suit or proceeding sought to be reviewed, at least 10 days before the return of the original writ."

In *N.W. Env. Def. Center v. City Council,* 20 Or App 234, 531 P2d 284, Sup Ct *review denied* (1975), we interpreted "opposite party" in a similar situation to be

the owner of the subject property. Indeed, there might well be due process problems raised by any attempt to adjudicate questions involving the possible uses of Mr. Stark's property without any notice to Mr. Stark so that he has an opportunity to be heard. *See, Schroeder v. City of New York,* 371 US 208, 83 S Ct 279, 9 L Ed 2d 255, 89 ALR2d 1398 (1962).

There having been no service upon the opposite party, the circuit court lacked jurisdiction. *N.W. Env. Def. Center v. City Council,* supra.

Judgment vacated; appeal dismissed.