Submitted on record and briefs May 17, affirmed June 13, reconsideration denied August 17, petition for review denied October 18, 1977

THOMPSON et al, *Appellants,*

*v.*

BOARD OF COUNTY COMMISSIONERS OF COLUMBIA COUNTY et al, *Respondents.*

(No. 21886, CA 6743)

564 P2d 1376

Fred A. Granata and David C. Bond, Portland, filed a brief for appellants. Ronald J. Thompson and Frank J. Thompson, Clatskanie, filed briefs pro se for appellants.

VanNatta & Petersen, St. Helens, filed the brief for respondents VanNattas and Scotts.

No appearance for respondent Board of County Commissioners.

Before Thornton, Presiding Judge, and Lee and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

This appeal arises out of a dispute over the vacation of a county road ordered by the Board of County Commissioners of Columbia County. Petitioners, who are the owners of nearby but not abutting property, objected to the vacation of the road and filed this petition for writ of review in the circuit court of Columbia County challenging the validity of the vacation proceeding. Defendants VanNatta and defendants Scott were the moving parties in the road vacation proceeding before the Board of County Commissioners.

The precise issue before this court is whether the circuit court erred in allowing a motion to quash the writ for failure to serve copies of the amended petition for writ of review upon defendants VanNatta and defendants Scott.

The essential facts are as follows:

In March 1975 defendants VanNatta and defendants Scott filed a petition with the Board of County Commissioners of Columbia County (Board) requesting the Board pursuant to ORS 368.620 to order the vacation of a county road which lay entirely within the property of the Scotts. In May 1975, after a hearing in which petitioners remonstrated, the Board ordered the road vacated. On June 9, 1975, petitioners sought review of the vacation order in circuit court pursuant to ORS 34.040. On June 19, 1975, the circuit court dismissed the petition on the ground that the petition was deficient under ORS 34.030.[1] On June 30, 1975, petitioners filed an amended petition for a writ, and on

---

[1] ORS 34.030 provides:

"The writ shall be allowed by the circuit court or judge thereof, or, in counties where the county court has judicial functions, by the county court or judge of the county wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff, describing the decision or determination with convenient certainty, and setting forth the errors alleged to have been committed therein. The petition shall be signed by the plaintiff or his attorney, and

August 4 a writ was issued. After extended procedural posturing by both petitioners and the Board which resulted in the amended petition for the writ being dismissed and the writ quashed, the petition which is at issue here was filed on March 18, 1976, and the writ issued on March 19, 1976. The Scotts were not served with the amended petition until April 8, and the record does not reveal whether two of the VanNattas were ever served. On July 8, 1976, the court dismissed the petition for the writ of review and quashed the writ on the grounds that petitioners had failed to serve as "opposite parties" the VanNattas and the Scotts.

ORS 34.080 provides:

"Upon the filing of the order allowing the writ, and the petition and undertaking of the plaintiff, the clerk shall issue the writ, as ordered. The writ shall be served by delivering the original, according to the direction thereof, and may be served by any person authorized to serve a summons. A certified copy of the writ shall be served by delivery to the opposite party in the suit or proceeding sought to be reviewed, at least 10 days before the return of the original writ."

Petitioners do not argue that the Scotts and the VanNattas were served within the time required by ORS 34.080. Petitioners contend rather that there can be no "opposite parties" in a writ of review proceeding considering the validity of a road vacation order other than the Board.

ORS 368.620 provides:

"* * * When a county road has been once established, and is not opened within two years from the date of the order establishing it, or has not been used for vehicular traffic by the public for a period of 16 years, then upon petition of six freeholders of the road district in which the road is located, praying for vacation of the road or

verified by the certificate of an attorney to the effect that he has examined the process or proceeding, and the decision or determination therein, and that it is erroneous as alleged in the petition. A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed."

unopened or unused portion thereof, the county court shall conduct an investigation and either cause the road or unopened portion thereof to be opened within a reasonable time or make an order declaring the road or unopened or unused portion thereof vacated, except that no road or portion thereof shall be vacated under this section if vacation would deprive the owner of any real property of access to such property by public road or other right of way."

In *Fisher v. Union County,* 43 Or 223, 230, 72 P 797 (1903), the court, in reviewing the procedures used at the Board level for the vacation of roads, noted:

"* * * A petition addressed to a county court, praying for the location, alteration, or vacation of a county road, performs the office of a complaint, in which the persons thus invoking an exercise of jurisdiction over the subject-matter are in the nature of parties plaintiff * * *."

The court went on to conclude, however, that in a writ of review proceeding concerning a road vacation order, "the county is the proper party defendant." 43 Or at 231.

Any implication in the above quoted language in *Fisher v. Union County, supra,* that the Board is the *only* proper opposite party was seemingly put to rest in *Williams v. Henry,* 70 Or 466, 468, 142 P 337 (1914). There the court, in reviewing the procedures used to challenge the decision of a school district boundary board—procedures very similar to those used with regard to road vacation—noted:

"By proper service of the writ alone can the court acquire jurisdiction to proceed in the matter to be reviewed. If the remonstrators were parties entitled to sue out the writ, the persons who initiated the proceedings by filing the petition, for the division of the district * * * were certainly opposite parties upon whom the writ should be served * * *."

In *N. W. Env. Def. Center v. City Council,* 20 Or App 234, 531 P2d 284, Sup Ct *review denied* (1975), we held that the rule in *Williams v. Henry, supra,* compelled the result that a party which sought approval from a

city council for its building proposal is an opposite party in a later proceeding by persons seeking to challenge the county's approval of the proposal. Further, in *Shanks v. Washington County,* 22 Or App 426, 539 P2d 1111, Sup Ct *review denied* (1975), we held that *N. W. Env. Def. Center v. City Council, supra,* was applicable where a party seeking a zone change had not been served in a later writ of review proceeding challenging the zone change.

■ We conclude that *Williams v. Henry, N.W. Env. Def. Center v. City Council,* and *Shanks v. Washington County,* all *supra,* indicate that petitioners in a road vacation proceeding at the Board level are opposite parties who must be served in a writ of review action challenging a vacation order.

■ Petitioners contend that by quashing the writ of review the court denied them due process of law in that "there was no motion of any kind by the respondent Board before the court." However, it is incumbent upon petitioners in a writ of review proceeding to serve all opposite parties. In *N. W. Env. Def. Center v. City Council, supra,* we held that the failure to serve all opposite parties deprives the court of jurisdiction to issue a writ of review. *See also, Shanks v. Washington County, supra.* When defendants VanNatta and defendants Scott filed their respective motions to quash the writ because they had not been served with a copy, petitioners thereby had ample notice that this jurisdictional defect would be before the court, even though the Board itself did not raise the issue. Thus, the failure of the Board to move to quash the writ did not deprive petitioners of due process.

Affirmed.