Argued May 25, reversed and remanded July 16, reconsideration denied September 7, petition for review denied September 25, 1979 (287 Or 477)

A & X, INC.,
*Respondent,*
v.
COMMON COUNCIL OF THE
CITY OF EUGENE et al,
*Respondents,*
DAHL et ux,
*Appellants.*

(No. 77-4213, CA 12434)

597 P2d 851

Harold D. Gillis, Eugene, argued the cause and filed the brief for appellant.

Stuart M. Brown, Eugene, argued the cause for respondent, A & X, Inc., an Oregon corporation. With him on the brief was Young, Horn, Cass & Scott, Eugene.

[171]

John B. Arnold, Eugene, argued the cause for respondents, The Common Council of of the City of Eugene, Gus Keller, Eric Haws, D. W. Hamel, Tom Williams, Ray Bradley, Jack Delay, Scott Lieuallen, Brian Obie, and Betty Smith, Council Members, and Sherman Flogstad, City Recorder. With him on the brief were Joyce Holmes Benjamin, Eugene; and Johnson, Harrang & Mercer, Eugene.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges, and Peterson, Judge Pro Tempore.

CAMPBELL, J.

## CAMPBELL, J.

In this writ of review proceeding, appellants Dahl appeal from the trial court's denial of their motion to vacate its judgment in plaintiff's favor and quash the writ or, in the alternative, to permit them to intervene to make such a motion. We reverse and remand.

The plaintiff owned a city lot on which it wanted to build a duplex. To accomplish this, it needed a variance from the building set-back requirements of the city zoning ordinance. It applied to the City of Eugene for the necessary variance.

The Zoning Board of Appeals held a hearing on plaintiff's request on March 31, 1977. Appellant Orlo D. Dahl appeared and opposed the petition for the variance. Mr. Dahl was the only person to speak in opposition. He also presented a petition signed by 28 other "property owners in the neighborhood" who objected to plaintiff's request. The Dahls own and live in a house adjacent to the plaintiff's lot. They claimed that they already have a visibility problem when pulling out of their driveway and onto the main thoroughfare. The Zoning Board of Appeals denied the plaintiff's application for a variance.

Plaintiff appealed from the Zoning Board to the Common Council of the City of Eugene. The matter was heard on June 6, 1977, before the City Council Assessment Panel. At that hearing, the Dahls appeared by an attorney who spoke in opposition to plaintiff's petition for a variance. No one else spoke in opposition. The Panel recommended that the findings of the Zoning Board be upheld. On June 13, 1977, plaintiff filed its petition for a writ of review. The writ was issued naming the Common Council and the City Recorder[1] as the only defendants. The Dahls were not named as defendants and were not served with a copy of the writ. On June 14, 1978, the trial court entered a

[1] The Common Council members and City Recorder filed a brief and participated in oral arguments before this court. They agreed with and supported the Dahls' position.

[173]

judgment remanding the matter to the Zoning Board of Appeals for a new hearing.

On September 6, 1978, the Dahls moved the trial court to vacate its judgment and quash the writ. The affidavits of Orlo D. Dahl and his attorney, attached to the motion, alleged that their first knowledge of the writ was in early September 1978, when Mr. Dahl saw a notice posted on a telephone pole announcing the date of the new hearing before the Zoning Board of Appeals. The trial court denied the Dahls' motion.

The issues here are (1) whether the Dahls were "opposite parties" within the meaning of ORS 34.080 and therefore entitled to service of a copy of the writ of review, and (2) whether plaintiff's failure to serve the Dahls with a copy of the writ of review deprived the trial court of jurisdiction.

ORS 34.080 provides:

> "Upon the filing of the order allowing the writ, and the petition and undertaking of the plaintiff, the clerk shall issue the writ, as ordered. The writ shall be served by delivering the original, according to the direction thereof, and may be served by any person authorized to serve a summons. A certified copy of the writ shall be served by delivery to the opposite party in the suit or proceeding sought to be reviewed, at least 10 days before the return of the original writ."

We note initially that in analyzing the term "party" in ORS 34.080, we must adapt that term, which is typically used in the context of an adversary proceeding, to a variety of putatively nonadversary proceedings, such as the variance hearing below.

Had plaintiff's request for a variance been granted by the Common Council, the Dahls, in order to confer jurisdiction on the reviewing court in a writ of review proceeding, would have had to serve plaintiff as an "opposite party." *See Maizels v. Kozer,* 129 Or 100, 276 P 277 (1929); *Williams v. Henry,* 70 Or 466, 142 P 377 (1914); *Thompson v. Columbia County Comm'rs,* 29 Or

[174]

App 813, 564 P2d 1376 (1977); *Shanks v. Washington County,* 22 Or App 426, 539 P2d 1111, *rev den* (1975); *N.W. Env. Def. Center v. City Council,* 20 Or App 234, 531 P2d 284, *rev den* (1975). These cases may be distinguished on the ground that the person who initiated the proceeding by filing the petition fits more easily the traditional concept of a "party" than does a person who remonstrates against the petition. Nevertheless, such remonstrators in the position of the Dahls are in fact opposite parties in a proceeding such as this.

Reversed and remanded.