Argued and submitted January 18, reversed August 25,
reconsideration denied October 2,
petition for review denied October 14, 1980 (289 Or 741)

CLINKSCALES,
*Respondent,*
*v.*
CITY OF LAKE OSWEGO et al,
*Appellants.*

(No. 78-5-288, CA 14942)

615 P2d 1164

[1117]

James M. Coleman, Lake Oswego, argued the cause and filed the brief for appellants.

Des Connall, Portland, argued the cause for respondent. On the brief were Michael D. Royce and Des Connall, P. C., Portland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this writ of review proceeding the City of Lake Oswego (City) appeals the order of the circuit court reversing the City's denial of a zone change sought by petitioner. We reverse.

Petitioner sought to have a piece of property in Lake Oswego rezoned from single family to multi-family residential. The City Planning Commission recommended denial and the City Council adopted the findings and conclusions of the Commission.

The property involved, although currently zoned single family residential, is designated on the 1963 Comprehensive General plan as multi-family residential. That comprehensive plan apparently is still in the process of revision to bring it into compliance with the statewide planning goals and has not been acknowledged by the Land Conservation and Development Commission. *See* ORS 197.250.

After the zone change was denied by the City Council petitioner sought a writ of review in the circuit court. The writ was issued and served on the City and the individual City Council members. The circuit court ordered the City to grant the zoning change, finding the City's conclusions not supported by substantial evidence and noting what it perceived to be procedural errors. Several assignments of error are made on appeal, the first of which concerns the jurisdiction of the circuit court.

The City contends for the first time on appeal that the circuit court was without jurisdiction to proceed on the writ of review because petitioner failed to serve the Lake Grove Neighborhood Association (LGNA) which, it contends, was an opposite party within the meaning of ORS 34.080:

"Upon the filing of the order allowing the writ, and the petition and undertaking of the plaintiff, the clerk shall issue the writ, as ordered. The writ shall be served by delivering the original, according to the

direction thereof, and may be served by any person authorized to serve a summons. A certified copy of the writ shall be served by delivery to the opposite party in the suit or proceeding sought to be reviewed, at least 10 days before the return of the original writ."

■　Although a person read a letter from the LGNA in opposition to the zone change, the record before us does not show that the LGNA was a recognized neighborhood association;[1] neither is there any showing of its organization or membership. On such a record we have no basis for determining its status.

■　Our decision in *A & X, Inc. v. Common Council of the City of Eugene, Dahl,* 41 Or App 171, 597 P2d 851 *rev den* (1979), suggests that an opponent of a zone change who is not served a copy of the writ of review after it is issued, and who had no actual notice of the proceeding, may be allowed to have the judgment vacated. However, it is clear that the court is vested with jurisdiction over the subject matter when the petitioner, within 60 days of the decision sought to be reviewed, files a verified petition continuing the requisite allegations. ORS 34.030. The court is then authorized to order the writ issued by the clerk, and the court obtains jurisdiction over the parties served with a copy of the writ. Although *A & X, Inc.* indicates that if LGNA had sought to vacate the judgment and had established its status as an opposite party it would be permitted to do so, it has done neither in this proceeding. Our disposition of the merits of this case renders that question moot.

■　The circuit court stated that its "principal reason" for reversing the City's denial of the zone change was that the decision was not supported by reliable, probative and substantial evidence. This

---

[1] The city submitted as part of the appendix to its brief in this court a copy of what purports to be a city ordinance recognizing the LGNA as a representative of its members; however, the ordinance is not a part of the record and we may not take judicial notice of it. *Chan Sing v. City of Astoria,* 79 Or 411, 155 P 378 (1916); *West v. City of Astoria,* 18 Or App 212, 524 P2d 1216 (1974).

court has held, however, that a denial of a land use change is supported by substantial evidence within the meaning of ORS 34.040(3) "unless the reviewing court can say that the proponent of change sustained his burden of proof as a matter of law." *Jurgenson v. Union County Court,* 42 Or App 505, 510, 600 P2d 1241 (1979); and *see Dickinson v. Bd. of County Comm.,* 21 Or App 98, 533 P2d 1395 (1975).

■ We held in *Marracci v. City of Scappoose,* 26 Or App 131, 552 P2d 552 *rev den* (1976), that the fact that a piece of property is zoned for a less intensive use than that contemplated by the comprehensive plan does not mean that a property owner has an immediate right to a zone change to the more intensive use. Therefore, the fact that the comprehensive plan indicates that the property may be used eventually for multi-family residential purposes does not mean that the City was required to grant the zone change requested by petitioner.

■ Petitioner contends that he made a clear showing based on expert testimony that the zone change would comply with LCDC Goals, Lake Oswego Comprehensive Plan and the CRAG Objectives, that there was a need for the type of housing he proposed and that his property would best meet that need.

The findings and conclusions of the City Council, however, indicated that it did not find certain of petitioner's data persuasive or helpful in making the determination required. It found, for example, that although there was a need for additional rental property, the proposal would not offer greater diversity of housing to meet the needs for a segment of the population not already represented by existing rental units. It found that the rezoning would not comply with LCDC Goal 10[2] because it would not diversify the type

[2] The City's finding of fact stated:

"LCDC Goal 10 requires that the Comprehensive Plan should encourage the availability of adequate numbers of housing units at price ranges and rent levels which are commensurate with the

[1121]

and range of housing already available in the community.

The City also found that the proposed rezoning would be disruptive to the existing neighborhood and would have a negative influence on the preservation and enhancement of that neighborhood. Preservation of neighborhoods is an objective of the Lake Oswego Community Goals and the CRAG Objectives as they existed prior to CRAG's merger into the Metropolitan Service District.

The City's findings are adequate to support the denial of petitioner's rezoning request, *see Heilman v. City of Roseburg,* 39 Or App 71, 591 P2d 390 (1979); *Marracci v. City of Scappoose, supra,* there is substantial evidence in the record to support those findings and the conclusions are supported by the findings. It is not for the court to weigh the evidence even though we might reach a different conclusion.

█ The circuit court also found that the City erred in admitting a letter from the neighborhood association. Before both the City and the court, Clinkscales objected to the admission of the letter, contending that he was deprived of due process and his right of cross-examination. Although the City's procedural ordinance, which is a part of the record, provides for the cross-examination of witnesses who appear and testify, the ordinance also allows for the admission of "written comments from parties not present in person * * *." Lake Oswego Ord. No. 1669, § 8.3.14.

Pursuant to the ordinance, the City allowed the admission of the neighborhood association letter. The City also permitted the applicant to cross-examine the representative of the association who read the letter. However, that representative had little personal knowledge of the substance of the letter; he had not

financial capabilities of Oregon households and allow for flexibility of housing location, type, and density. The proposal here would involve expansion of an existing housing location of the same type and density."

been present when the association approved the letter and determined to submit it to the City.

We hold that these procedures did not deprive the applicant of due process. We have noted that

" '[c]ross-examination in the formal court sense of the term is uncommon in Board hearings.' 3 R. Anderson [American Law of Zoning] § 16.33 at 226. *[Id.,* § 20.33, at 523-525 (2d Ed 1977)]. * * *Fasano [supra]* does give parties at a hearing the right to 'present and rebut evidence.' 264 Or at 588. This language must mean that two rights exist: the right to present one's own evidence and a separate right to rebut adverse evidence." *Sunnyside Neighborhood v. Clackamas Co. Comm.,* 27 Or App 647, 663, 557 P2d 1375 (1976), *rev'd on other grounds, supra.*

Here, the City respected these rights. The applicant was given ample opportunity to present his own evidence and to rebut the adverse evidence. In this situation, the admission of the neighborhood association letter did not deprive the applicant of due process.

■ The circuit court noted what it perceived to be one other procedural error committed by the City in its consideration of petitioner's request. In reviewing the record, however, we find that petitioner failed to make any objection to preserve the issue at the hearing, and the circuit court erred in considering it on review. *Cf. Sunnyside Neighborhood v. Clackamas County Comm.,* 280 Or 3, 569 P2d 1063 (1977).

The order of the circuit court is reversed.

Reversed.