619 So.2d 361 (1993)
BOARD OF COUNTY COMMISSIONERS OF LEON COUNTY, Petitioner,
v.
MONTICELLO DRUG COMPANY and O'Connor Development Corporation, Respondents.
No. 92-946.
District Court of Appeal of Florida, First District.
May 21, 1993.
Rehearing Denied June 29, 1993.
David La Croix, Pennington, Wilkinson, and Dunlap, Tallahassee, for petitioner.
M. Steven Turner, Broad and Cassell, Tallahassee, for respondents.
BARFIELD, Judge.
The Board of County Commissioners of Leon County (Board) seeks review of an order which reversed the Board's denial of a rezoning application. We reverse.
Monticello Drug Company and O'Connor Development Corporation (Monticello) owned or controlled approximately 28 acres of property at the northeast junction of Thomasville and Bradfordville roads in Leon County. The property is zoned A-2, which allows agricultural and certain residential uses. The land use plan map designated a portion of the parcel as General Business, with the remainder designated as Urban Undesignated.
In June, 1989, Monticello requested that a majority of the property be rezoned to Commercial Parkway, with a portion of the property rezoned to allow limited specific office and professional uses under the Office and Professional Commercial District designation. The portion of the tract designated *362 Urban Undesignated according to the land use plan map would have to be redesignated to General Business.
The Tallahassee-Leon County Planning Commission (Commission) felt that the request was inconsistent with the comprehensive plan and the land use plan map, which provided for a general commercial area somewhat less in size than the request. The Commission noted that the "request site was found inconsistent with the locational policies for General Business because the site is not located at the intersection of arterial roadways and is not located at the center of several neighborhoods." The Commission agreed that staff had correctly interpreted the element policies dealing with the availability of utilities to the site. These policies encouraged development to occur in areas already served by sanitary sewer systems and existing public utilities. The request was also determined to be in conflict with policies which sought to allow adequate amounts of land for manufactured housing and mobile homes and to encourage the preservation of agricultural land and other rural properties. Additional reasons cited for recommending denial included:
the district intent of CP which provides that area should be viewed as the "entrance to the urban area" and this was felt to be a significant question under the current Comprehensive Plan; the timing of being faced with making a decision on this request in view of on-going activities to assess what is the best alternative for Bradfordville; the application is premature in that to support it you have to assume the continuation of the existing development pattern which is a valid assumption, but not a certainty.
The Commission recommended to the Board that the requested rezoning be denied.
The Board considered the matter on September 26, 1989. Monticello's attorney appeared and presented the Board with a new limited site plan and requested that the Board continue the matter. A representative of Monticello appeared before the Board and explained the new amended limited use site plan to the Board. The area that was previously designated for rezoning limited to specific commercial and professional office uses was now depicted as remaining A-2. Thus, the area requested to be rezoned was approximately 19 acres rather than the initial 28 acres. The amended plan presented indicated, however, that the portion of the property that would remain zoned A-2 would be reserved for stormwater management and natural buffer areas. During the Board meeting, Rick Moore, an engineer, informed the Board that a three-acre on-site holding pond and treatment facility would be located on this site. The Board voted to uphold the Commission's recommendation of denial.
Monticello filed a petition for writ of certiorari and complaint for declaratory judgment in the Leon County Circuit Court, dated October 26, 1989. After filing several amended complaints, Monticello filed a motion to allow further amendment in response to this Court's decision in Leon County v. Parker, 566 So.2d 1315 (Fla. 1st DCA 1990). The motion to amend was granted and Monticello filed a Restated Complaint for Writ of Certiorari and Declaratory Judgment.
Monticello asserted that the Board's denial was legally insufficient, unsupported, or contrary to law because: 1) the amended plan, which significantly reduced the area to be designated for general business use, was not evaluated by the adopted findings of the Commission; and 2) the locational policy for general business designation was complied with because competent evidence established that the subject property was at the center of several large residential neighborhoods. Monticello also argued, with regard to the four plan elements with which the rezoning was found to be inconsistent, that: 1) the area was not suitable for mobile homes or manufactured housing; 2) the amended site plan preserved a large amount of agricultural land; 3) the area is presently served by existing public utilities, to-wit, water and electricity; 4) sanitary sewer can and must be provided to the location for the requested zoning to be effective, and significant commercial development *363 has already been allowed in the area. Monticello asserted that the Board violated its procedural due process rights by failing to properly evaluate the zoning request as amended and that there was no sufficient basis in the record to support the denial of the amended rezoning request.
Monticello requested that the Board's decision be quashed and the matter remanded to the Board with instructions to approve the request as amended or to reconsider the amended request. If certiorari relief was denied, Monticello requested that the circuit court declare that continuance of the agricultural zoning is confiscatory and that Monticello is entitled to a zoning classification that will allow reasonable commercial development.
In response to the decision in Parker, Monticello asserted that section 163.3215, Florida Statutes, was not applicable or that it would have been futile to request further administrative proceedings. Monticello also asserted that it had substantially complied with section 163.3215(4) because: 1) no relief was sought to prevent local government from taking action that materially alters land use; 2) compliance was futile because the Board had already been informed of the objections to the Commission's report and the Board had refused to allow the Commission to consider the amended application; 3) the Board ended the administrative process; 4) Monticello was not accorded procedural due process; and 5) Monticello substantially complied by serving the original complaint on the Board within 30 days of denial of the rezoning application and serving the amended complaint after the period for the Board's response had elapsed.
The Board, in its answer, asserted numerous defenses. The Board argued that a rezoning decision is a legislative decision not reviewable by petition for writ of certiorari. The Board contended that the agricultural zoning was not confiscatory and its reasonableness was at least fairly debatable. The Board also argued that the circuit court lacked jurisdiction of the subject matter of this action because Monticello failed to comply with the mandatory condition precedent specified in section 163.3215. The Board asserted that the amended application could not have been lawfully approved without proper consideration by the Commission; Monticello should have withdrawn the original application and filed a new application.
On May 2, 1991, the trial judge issued an order finding:
The rezoning application was denied based on inconsistency with the Leon County Comprehensive Plan. In denying the rezoning application, however, the Respondent did not set out with specificity its reasons for finding the application to be inconsistent with the County's Comprehensive Plan.
After acknowledging that the denial of a rezoning application is a "development order," that a comprehensive plan consistency determination as to any development order is subject to review only pursuant to the statutory remedy provided in section 163.3215, Florida, Statutes, and that Monticello failed to satisfy the condition precedent to bringing an action under section 163.3215, the trial judge found:
In the opinion of the Court, the Petitioners would be deprived of due process if the thirty-day time period, by which the Petitioners are bound for satisfaction of the statutory condition precedent, begins to run prior to such time as the Respondent specifies the reasons for the Comprehensive Plan inconsistency determination and notifies the Petitioners of such reasons.
The cause was remanded to the Board to set forth with specificity the reasons for its determination that the rezoning application was determined to be inconsistent with the comprehensive plan. Monticello was given 30 days afterward to comply with the condition precedent set out in section 163.3215(4).[1]
*364 In a letter dated July 16, 1991, the Board responded to the trial judge's order of remand. The Board stated that it would not be appropriate to reopen the rezoning application, because to do so may permit Monticello to allege a "new" decision date. The Board stated that the reasons for the Commission's recommendation and the decision of the Board that the rezoning application was inconsistent with the comprehensive plan were sufficiently set forth in staff recommendations and reports, the minutes and transcript of the Commission meeting, and the minutes and transcript of the meeting of the Board. The trial judge viewed the letter as the Board's compliance with his order and permitted Monticello to file any pleading they deemed appropriate within 20 days.
Monticello filed a "Verified Complaint" with the Board alleging that any reasons for denial were insufficient, inapplicable, unreasonable or otherwise contrary to law. The Board responded that the development order was issued on September 29, 1989, when the final action denying the requested amendment was taken and that no verified complaint was filed within the thirty-day period following issuance of the development order.
Monticello then filed a "Complaint after Remand" in which it again requested the circuit court to quash the Board's development order on the basis that it was without lawful basis and to enjoin the Board from imposing a use classification on the property that will not allow reasonable commercial development at least consistent with the amended request. The Board answered, asserting essentially the same defenses raised in its previous answer.
The trial judge entered an order granting the writ of certiorari. The trial judge found that Monticello "reasonably amended their application by presenting an amended limited use site plan to the Board." The trial judge further found:
In considering Petitioners' application for limited use site plan rezoning, Leon County and its Board of County Commissioners were dealing with a discrete proposed use for a discrete parcel of property based on evidence received in connection with a noticed hearing. The action therefore was quasi-judicial in nature and reviewable by certiorari. It is not part of the legislative function to deal with particular cases, and no challenge was made here to the validity of any ordinance.
Florida Statute section 163.3215 does not preclude certiorari relief. This is not "just a consistency challenge;" other issues, including due process, were involved here. Moreover, no development order was entered as contemplated by the statute... . Only such an order would be subject to the statutory remedy. Furthermore, a verified complaint was directed to any possible order, and the County had ample notice and opportunity to respond. In any event, the statute itself allows "injunctive or other relief," which would appear to contemplate certiorari relief where only the parties in the proceeding below are involved.
Petitioners reasonably amended their limited use site plan application by withdrawing a significant part of the commercial use request. There was no rule or policy prohibiting such amendment... .
Petitioners were entitled to have their amended application considered by the Board, as the zoning authority, with specific, written, detailed findings of fact to be made by the Board, and reasons for denial stated by the Board with particularity.
(Citations omitted; footnote omitted; emphasis in original). The order quashed the Board's action refusing to approve the amended application, decreed that the amended application was granted, and ordered the Board to extend Monticello all development rights with respect thereto as if the amended application had been approved *365 at the September 26, 1989 Board meeting.
The trial judge incorrectly determined that Monticello was "entitled to have their amended application considered" by the Board. Article XII, section 12.1 of the Leon County Code sets forth the procedure for amending the zoning code and zoning map. This section provides that "[a]ll proposed amendments to the textual provisions of this Zoning Code or to the Zoning Map shall be submitted to the Tallahassee-Leon County Planning Department on forms prescribed for the purpose of submitting such amendment for study, public hearing and recommendation." After public hearing, the Commission transmits a written report of its findings to the appropriate governing body. The governing body "shall act upon the recommendation at the first regular meeting following the receipt of the report from the Planning Commission."
Nothing in the record before this Court indicates that the Board was required to consider the last-minute version presented or, in the alternative, refer it back to the Commission. The Commission recommended denial of the application it considered. The Commission had not reviewed or held public hearings on the amended version presented to the Board. It does not clearly appear that the amended limited use site plan presented to the Board corrected all of the problems or deficiencies noted by the Commission.
The trial judge also erred in determining that the Board's action was quasi-judicial in nature. This finding is contrary to decisions of the Florida Supreme Court and this Court, which hold that zoning and rezoning decisions are legislative in character. See Florida Land Co. v. City of Winter Springs, 427 So.2d 170 (Fla. 1983); Schauer v. City of Miami Beach, 112 So.2d 838 (Fla. 1959); City of Jacksonville Beach v. Grubbs, 461 So.2d 160 (Fla. 1st DCA 1984), review denied, 469 So.2d 749 (Fla. 1985). As a legislative action, the Board's denial of the rezoning request should have been reviewed under the traditional "fairly debatable" standard of review.
In reaching his conclusion, the trial judge relied upon Snyder v. Board of County Commissioners, 595 So.2d 65 (Fla. 5th DCA 1991), jurisdiction accepted, 605 So.2d 1262 (Fla. 1992). The Snyder court concluded that initial zoning enactments and comprehensive rezoning or rezonings affecting a large portion of the public are legislative in character, but that rezoning actions having an impact on a limited number of persons could be viewed as policy application and are quasi-judicial in character. For those rezonings considered by the Fifth District to be quasi-judicial in character, it was concluded:
The initial burden is upon the landowner to demonstrate that his petition or application for use of privately owned lands, (rezoning, special exception, conditional use permit, variance, site plan approval, etc.) complies with the reasonable procedural requirements of the ordinance and that the use sought is consistent with the applicable comprehensive zoning plan. Upon such a showing the landowner is presumptively entitled to use his property in the manner he seeks unless the opposing governmental agency asserts and proves by clear and convincing evidence that a specifically stated public necessity requires a specified, more restrictive, use.
595 So.2d at 81.
We decline to adopt the reasoning set forth in Snyder. As previously recognized in Grubbs:
[A] comprehensive plan only establishes a long-range maximum limit on the possible intensity of land use; a plan does not simultaneously establish an immediate minimum limit on the possible intensity of land use. The present use of land may, by zoning ordinance, continue to be more limited than the future use contemplated by the comprehensive plan... .
The applicable comprehensive plan contains no timetable or other guidance on the question of when more restrictive zoning ordinances will evolve toward conformity with more permissive provisions *366 of the plan. In such a situation, we hold the determination of when to conform more restrictive zoning ordinances with the plan is a legislative judgment to be made by a local governing body, and only subject to limited judicial review for patent arbitrariness. In adopting a comprehensive plan, a governing body necessarily makes a great number of legislative and policy judgments about what the future use of land might and should be. It is just as much a legislative judgment when the local governing body is called upon to decide whether "the future has arrived" and it is therefore appropriate to conform zoning with planning.
461 So.2d at 163, quoting Marracci v. City of Scappoose, 26 Or. App. 131, 133-34, 552 P.2d 552, 553 (1976) (emphasis in original).[2]
The order is REVERSED. We REMAND to the trial judge with instructions to reinstate the order of the Board denying Monticello's application for rezoning.[3]
BOOTH and MINER, JJ., concur.
NOTES
[1] The trial judge incorrectly determined that the thirty-day period for filing a verified complaint pursuant to section 163.3215, Florida Statutes, did not commence until the County's decision was reduced to writing. Emerald Acres Investments, Inc. v. Board of County Commissioners of Leon County, 601 So.2d 577 (Fla. 1st DCA 1992). As noted in Emerald Acres, section 163.3215 contains no requirement that the "alleged inconsistent action" be reduced to writing and no ordinance requiring the Board to reduce its action to writing has been cited.
[2] The decision in City of Jacksonville Beach v. Grubbs, 461 So.2d 160, 163 n. 2, noted that under the Oregon scheme, zoning ordinances must "carry out" the comprehensive plan, citing Fasano v. Board of County Commissioners, 264 Or. 574, 582, 507 P.2d 23, 27 (1973). Fasano is relied upon in Snyder v. Board of County Commissioners, 595 So.2d 65 (Fla. 5th DCA 1991). Subsequent to Fasano, Oregon courts have held that property owners are not entitled to have property immediately rezoned consistent with less restrictive comprehensive plans. Clinkscales v. City of Oswego, 47 Or. App. 1117, 615 P.2d 1164 (1980); Pohrman v. Klamath County Commissioners, 25 Or. App. 613, 550 P.2d 1236 (1976).
[3] We find it unnecessary to address the remaining issues raised by the Board.